UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JAMES MACDOWELL BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 3:11-CV-158 |
| v. | ) (VARLAN/GUYTON) |
| | ) |
| JUDGE CHARLES A. CERNY, JR. *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on the Motion to Dismiss by District Attorney General Randall E. Nichols ("defendant General Nichols") [Doc. 9] and the Motion of the Defendant Judge Charles A. Cerny, Jr., to Dismiss Complaint ("defendant Judge Cerny") [Doc. 13], in which these defendants move the Court for dismissal of all claims brought against them by plaintiff, James MacDowell Boone. Plaintiff, proceeding *pro se*, has not responded to the motions to dismiss and the time for doing so has passed. *See* E.D. TN. LR 7.1, 7.2(a).

**I. Relevant Facts**

In the complaint, plaintiff alleges that Assistant District Attorney General Willie Lane ("ADA Lane") is a prosecutor under the direct supervision of defendant General Nichols [Doc. 2]. Plaintiff alleges that defendant General Nichols knew or should have known about ADA Lane's "premeditated" conduct of refusing to plea bargain and demanding a full prosecution of plaintiff on a "false" charge [*Id.*]. Plaintiff describes what seems to be a

hearing in plaintiff's criminal case at which plaintiff's first attorney, Mark Wood ("Mr. Wood"), also a defendant in this case, either brought several motions in plaintiff's case or was requested by plaintiff to bring several motions, and during which the court allowed Mr. Wood to withdraw from representation of plaintiff and appointed a second attorney to represent plaintiff [*Id.*]. Plaintiff also alleges that defendant Judge Cerny, of Knox County General Sessions Court, did not reduce the amount of plaintiff's appearance bond [*Id.*]. Plaintiff alleges further that defendant Judge Cerny did not recuse the district attorney general's office and did not appoint a special prosecutor [*Id.*].

Given the alleged facts, defendant General Nichols has moved the Court, pursuant to Rule 12(b)(6), for dismissal of plaintiff's claims against him, both individually and in his official capacity, on grounds that plaintiff has failed to establish the elements necessary for a claim under 42 U.S.C. § 1983, failed to establish the elements of a claim for malicious prosecution or any other viable legal theory, and because plaintiff's claims against him are barred on grounds of absolute prosecutorial immunity and the Eleventh Amendment. Defendant Judge Cerny has moved for dismissal of plaintiff's claims on grounds of absolute judicial immunity and for failure to state a claim.

**II.     Analysis**

    **A.     Standard of Review**

As an initial matter, the Court notes that it is mindful that a complaint filed by a *pro se* plaintiff is to be liberally construed. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, in a motion to

2

dismiss for failure to state a claim, the Court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is to "give the [opposing party] fair notice and what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do, neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

### B. Claims Against Defendant General Nichols

#### 1. 42 U.S.C. § 1983

It is well established that "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied* 469 U.S. 845 (1984). In addition, the "right to control" employees or "simple awareness of employees' misconduct" cannot be the sole basis for liability for supervisors under § 1983. *McQueen*, 433 F.3d at 470 (quoting *Bellamy*, 729 F.2d at 421; *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003)).

Defendant General Nichols, the district attorney general of Knox County, is a state employee and state official. *See* T.C.A. §§ 8-42-101(3)(A); 8-7-201. Taking plaintiff's allegations as true, his allegations against defendant General Nichols are that he knew or should have known about ADA Lane's conduct. Upon review of these allegations, however, the Court notes that plaintiff has not alleged that defendant General Nichols had any direct involvement in ADA Lane's conduct beyond simple awareness and liability by virtue of his position. Accordingly, the Court finds that plaintiff has failed to state an official capacity claim against defendant General Nichols under § 1983.

#### 2. Malicious Prosecution Claim

Assuming plaintiff has attempted to allege a malicious prosecution claim against defendant General Nichols, this claim too must fail. In Tennessee, a claim for malicious prosecution must contain the following elements: (1) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (2) that the prior lawsuit

4

or judicial proceeding was brought against the plaintiff with malice, and (3) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor. *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005). Construed in the light most favorable to plaintiff, and assuming that plaintiff has satisfied the first two elements of a malicious prosecution claim, plaintiff has still not alleged the third required element for that claim—that a judicial proceeding terminated in plaintiff's favor. Accordingly, the Court finds that plaintiff has failed to state a claim for malicious prosecution.

### 3. Other State Law Claims

Tennessee Code Annotated provides, in pertinent part, that:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officers or employees office or employment except for willful, malicious, or criminal acts or omissions or acts or omissions done for personal gain[.]

T.C.A. § 9-8-307(h). As noted above, defendant General Nichols is a state employee and state official. Plaintiff has also alleged that defendant General Nichols engaged in conduct that falls within the scope of his employment duties as district attorney general. Plaintiff, however, has not alleged that defendant General Nichols' actions were willful, malicious, or criminal and therefore the Court finds that defendant General Nichols is entitled to absolute immunity for any state law claims plaintiff may have asserted against this defendant in his individual capacity.

### 4. The Eleventh Amendment

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. It is well settled that due to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). However, "[t]here are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (internal citations omitted).

None of these exceptions apply in the instant case. Furthermore, a suit against a state official in his or her official capacity is not a suit against that official but a suit against the official's office, therefore it is no different from a suit against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Thus, because defendant General Nichols is a state employee and official whom plaintiff has attempted to sue in his official capacity, the Court finds that the Eleventh Amendment bars plaintiff's official capacity claims against defendant General Nichols.

### 5. Absolute Prosecutorial Immunity

A prosecutor is afforded absolute immunity for certain actions within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 425 (l976). A prosecutor's actions of initiating a prosecution and presenting the state's case are intimately associated with the judicial phase of the criminal process and are afforded absolute immunity. *Id.* at 430-31; *Willett v. Ford*, 603 S.W. 2d 143, 148 (Tenn. Ct. App. 1979). Absolute immunity allows a prosecutor to exercise his independent judgment in deciding which suits to bring and in conducting them in court based on his duty to the public rather than on a fear of potential liability in a suit for damages. *Imbler*, 424 U.S. at 424-25. In determining whether a prosecutor enjoys absolute immunity against a particular claim for damages, courts apply a functional analysis, examining the nature of the function performed. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The U.S. Court of Appeals for the Sixth Circuit has noted that "[c]onduct associated with plea bargains has long been held by this court to be 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process' as to warrant absolute immunity." *Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) (citations omitted.). Prosecutors in a supervisory role are also protected by absolute immunity for certain actions. *Van de Kamp v. Goldstein,* 555 U.S. 335, 129 S. Ct. 855, 861 (2009).

Here, plaintiff has alleged that ADA Lane prosecuted him under the direct supervision of defendant General Nichols and that he knew or should have known about ADA Lane's conduct in initiating prosecution, deciding not to plea bargain, and prosecuting the case [Doc.

2]. These allegations fall squarely within the type of conduct for which prosecutors are entitled to absolute immunity. Accordingly, defendant General Nichols is afforded absolute immunity for plaintiff's claims relating to his general supervision of ADA Lane. *See Imbler*, 424 U.S. at 430-31; *Cady*, 574 F.3d at 341; *Willett*, 603 S.W.2d at 148. Furthermore, the supervisory role of defendant General Nichols over ADA Lane is directly connected with the prosecution of plaintiff's criminal case so as to warrant absolute immunity. *Van de Kamp*, 129 S. Ct. at 861.

### C. Plaintiff's Claims Against Defendant Judge Cerny

Plaintiff also alleges that defendant Judge Cerny did not reduce the amount of plaintiff's appearance bond, did not recuse the district attorney general's office, and did not appoint a special prosecutor in plaintiff's criminal case [Doc. 2]. The Sixth Circuit has stated that "[i]t is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). The Sixth Circuit has further described absolute judicial immunity as follows:

> It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.

*Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)).

8

The allegations in plaintiff's complaint against defendant Judge Cerny arise out of the performance of judicial functions. Viewing these allegations in the light most favorable to plaintiff, he has made no allegation that any of the actions taken by defendant Judge Cerny were taken in the complete absence of any jurisdiction. Furthermore, plaintiff has failed to identify a right that defendant Judge Cerny allegedly violated or a harm that plaintiff allegedly suffered. Thus, the Court also finds plaintiff's allegations to be devoid of the accompanying factual allegations required by *Iqbal* and concludes that plaintiff's complaint does not contain sufficient factual matter to state a claim for relief against defendant Judge Cerny that is plausible on its face. Accordingly, and for the reasons given above, the Court will dismiss plaintiff's claims under defendant Judge Cerny.

### III. Conclusion

For the reasons stated above, the Motion to Dismiss by District Attorney General Randall E. Nichols [Doc. 9] and the Motion of the Defendant Judge Charles A. Cerny, Jr., to Dismiss Complaint [Doc. 13] are hereby **GRANTED** and plaintiff's claims against defendant General Nichols and defendant Judge Cerny are hereby **DISMISSED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE